UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATENT GROUP, LLC,<br>    *Plaintiff*<br>v.<br>YETI COOLERS INC.<br>    *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. _____<br>JURY DEMANDED |

---

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

---

Plaintiff, Patent Group, LLC ("Patent Group") files this Original Complaint against Defendant, Yeti Coolers Inc., and alleges as follows:

### I. NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### II. THE PARTIES

2. Plaintiff Patent Group is a limited liability company with its principal place of business at 110 North College Avenue, Suite 1504, Tyler, Texas 75702.

3. Defendant YETI COOLERS INC. is a Texas Corporation that maintains its principal place of business at PO Box 163686, Austin, Tx 78716-3686. This defendant can be served with process through its Registered Agent, Roy J. Seiders, 3411 Hidalgo St. Austin, Tx 78702.

## III. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to its substantial business in this forum, including at least a portion of the infringements alleged herein. Without limitation, on information and belief, within this state the Defendant has made and used the patented invention and has infringed the Plaintiff's patent with the system or systems identified herein below. In addition, on information and belief, Defendant has derived substantial revenue from its infringing acts. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its interactive website accessible from Texas. Further, the defendant is incorporated in Texas and its principal place of business is in Texas.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, from and within this judicial district, Defendant has committed at least a portion of the infringements at issue in this case. Without limitation, on information and belief, within this district the Defendant has engaged in the infringing acts identified in this Complaint. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this District for at least the reasons identified above with respect to personal jurisdiction within the State of

Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction in this District at least due to its interactive website or websites accessible from this District. Finally, the owner of the patent resides in the Eastern District of Texas.

### IV. INFRINGEMENT OF U.S. PATENT NO. 6,603,490

6. Plaintiff is the owner by assignment of United States Patent No. 6,603,490 B1 ("the '490 patent") entitled "Web Site Screen Rotation" – including all rights to recover for past and future acts of patent infringement. The '490 patent was duly and legally issued on August 5, 2003. A true and correct copy of the '490 patent is attached as Exhibit A.

7. At least one claim of the '490 patent covers, *inter alia*, a method for rotating the display of a plurality of screens that are used to display a list of information on an Internet web site to provide more equitable exposure to the information on each of said screens comprising the steps of: determining the number of screens in said list of information, where the number of screens is X; initially displaying said plurality of screens in a first order from 1 to X; and periodically changing said order of displaying said plurality of screens, wherein initially said plurality of screens are initially displayed in the order of 1>X in a first period of time; in said second period of time said plurality of screens are displayed in the order of 2>X followed by screen 1; in said third period of time said plurality of screens are displayed in the order of 3>X, 1, 2; in said fourth period of time said plurality of screens are displayed in the order of 4>X, 1, 2, 3; and so on until the periodic changing the order of displaying said plurality of screens is again displaying said plurality of screens in the order of 1>X at which time the cycle starts over again.

8. On information and belief, Defendant Yeti Coolers Inc. has been and now is directly infringing at least claim 1 of the '490 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, by actions comprising making and using its website at www.yeticoolers.com, which practices, comprises and/or otherwise uses the method described in at least claim 1 of the '490 patent.

9. Defendant Yeti Coolers Inc. is thus liable for infringement of the '490 patent pursuant to 35 U.S.C. § 271.

## V. DAMAGES

10. The allegations of paragraphs 1–9 above are incorporated by reference as if fully set forth herein. As a result of Defendant's infringement of the '490 patent, Patent Group has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount yet to be determined, but which, by law, can be no less than a reasonable royalty.

11. To the extent that facts learned in discovery show that Defendant's infringement of the '490 patent is or has been willful, Patent Group reserves the right to request such a finding at time of trial.

12. Defendant will continue to infringe the '490 patent unless enjoined by this Court. Plaintiff therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant from continuing to make, use, sell or offer for sale the products infringing the '490 patent.

13. Plaintiff further requests that the Court enter an order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285. Pursuant to such an order, Plaintiff seeks recovery of its reasonable attorneys' fees and expenses.

## VIII. VICARIOUS LIABILITY

14. The allegations of paragraphs 1–13 above are incorporated by reference as if fully set forth herein. In addition to liability for their own independent conduct, the

Defendants are also liable for the conduct of their subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## PRAYER FOR RELIEF

Patent Group respectfully requests that this Court enter:

a. A judgment in favor of Patent Group that the '490 patent is valid and that Defendant has directly infringed the '490 patent;

b. A judgment that the Defendant's infringement is and has been willful and objectively reckless;

c. A permanent injunction enjoining Defendant, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '490 patent;

d. A judgment and order requiring Defendant to pay Patent Group its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '490 patent as provided under 35 U.S.C. § 284;

e. An award to Patent Group for enhanced damages as provided under 35 U.S.C. § 284;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Patent Group its reasonable attorneys' fees; and

g. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial of all issues triable of right by a jury.

Respectfully submitted,

/s/ Jack Walker
------
**JOHN F. (JACK) WALKER**
State Bar No. 00785167
**REID WM. MARTIN**
State Bar No. 13098986
**MARISA SCHOUTEN**
State Bar No. 24039163
**Martin Walker, P.C.**
522 S. Broadway Ste 200
Tyler, Texas 75702
(903) 526-1600 (Office)
(903) 595-0796 (Fax)
jwalker@martinwalkerlaw.com


STAFFORD DAVIS
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com


ATTORNEYS FOR PLAINTIFF
PATENT GROUP, LLC